Timothy M. Stubson (Attorney No. 6-3144)
Curtis M. McNiven (Attorney No. 7-5051)
Jeff Oven (Attorney No. 6-3371)
Christopher Voigt (Attorney No. 6-3313)
Crowley Fleck, PLLP
152 N. Durbin, Suite 220
Casper, WY 82601
(307) 265-2279
tstubson@crowleyfleck.com
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| AUSTIN W. DUROSE, BY AND THROUGH HIS NEXT FRIENDS AND NATURAL PARENTS, WILLIAM K. AND MINDY E. DUROSE, WILLIAM K. DUROSE, AND MINDY E. DUROSE. | ) ) ) ) ) | 13 CV 216-S |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| POWELL VALLEY HEALTHCARE, INC.; POWELL HOSPITAL DISTRICT NO. 1; POWELL VALLEY HOSPITAL; JEFFERY HANSEN, M.D., AND JOHN DOES 1 THROUGH 10 | ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

### ANSWER OF DEFENDANTS POWELL VALLEY HEALTHCARE, INC.; POWELL HOSPITAL DISTRICT NO. 1; POWELL VALLEY HOSPITAL; and JEFFERY HANSEN, M.D.

COMES NOW, Defendants, Powell Valley Healthcare, Inc.; Powell Hospital District No. 1; Powell Valley Hospital; and Jeffery Hansen, M.D., ("Defendants") by and through their undersigned counsel, and state the following in answer to the Complaint.

1. In answer to Paragraph 1, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

2.  In answer to Paragraph 2, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

3.  In answer to Paragraph 3, Defendants admit the allegations contained therein.

4.  In answer to Paragraph 4, Defendants admit the allegations contained therein.

5.  In answer to Paragraph 5, Defendants admit the allegations contained therein.

6.  In answer to Paragraph 6, Defendants admit the allegations contained therein.

7.  In answer to Paragraph 7, Defendants admit the allegations contained therein.

8.  In answer to Paragraph 8, Defendants admit the allegations contained therein.

9.  In answer to Paragraph 9, Defendants admit that Dr. Hansen was qualified in his field of surgery.  Defendants deny the remaining allegations contained therein.

10. In answer to Paragraph 10, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

11. In answer to Paragraph 11, Defendants admit the allegations contained therein.

12. In answer to Paragraph 12, Defendants deny that any tortious events or omissions occurred but admit the remaining allegations contained therein.

13. In answer to Paragraph 13, Defendants note that allegations addressing the timeliness of Plaintiff's actions are legal arguments and are therefore denied.  Defendants admit the remaining allegations contained therein.

14. In answer to Paragraph 14, Defendants admit that Powell Hospital District No. 1 and Powell Valley Healthcare, Inc. were served with a "Notice of Claim" on or about May 10, 2013.  Defendants deny the remaining allegations contained therein.

15. In answer to Paragraph 15, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

16. In answer to Paragraph 16, Defendants admit the allegations contained therein.

17. In answer to Paragraph 17, Defendants admit the allegations contained therein.

18. In answer to Paragraph 18, Defendants deny each and every allegation contained therein.

19. In answer to Paragraph 19, Defendants deny each and every allegation contained therein.

20. In answer to Paragraph 20, Defendants admit the allegations contained therein.

21. In answer to Paragraph 21, Defendants admit the allegations contained therein.

22. In answer to Paragraph 22, Defendants admit that Dr. Hansen performed an open anterior approach to locate the foreign part and to perform an inferior capsular shift.  Defendants deny the remaining allegations contained therein.

23. In answer to Paragraph 23, Defendants admit the allegations contained therein.

24. In answer to Paragraph 24, Defendants admit that medical staff was able to stop the bleeding.  Defendants deny the remaining allegations contained therein.

25. In answer to Paragraph 25, Defendants deny each and every allegation contained therein.

26. In answer to Paragraph 26, Defendants deny the allegations contained therein.

27. In answer to Paragraph 27, Defendants admit that Plaintiff was transported to by med flight to Billings, Montana.  Defendants deny each and every remaining allegation contained therein.

28. In answer to Paragraph 28, Defendants admit that an emergent re-vascularization was performed.  Defendants deny the remaining allegations contained therein.

29. In answer to Paragraph 29, Defendants lack sufficient information to form a belief as to the truth of the allegations contained and therefore deny the same.

30. In answer to Paragraph 30, Defendants admit the allegations contained therein.

31. In answer to Paragraph 31, Defendants deny each and every allegation contained therein.

32. In answer to Paragraph 32, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

33. In answer to Paragraph 33, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

34. In answer to Paragraph 34, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

35. In answer to Paragraph 35, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

36. In answer to Paragraph 36, Defendants deny each and every allegation contained therein.

37. In answer to Paragraph 37, Defendants admit that they have not provided financial assistance to Plaintiffs.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

38. In answer to Paragraph 38, Defendants deny each and every allegation contained therein.

39. In answer to Paragraph 39, Defendants deny each and every allegation contained therein.

40. In answer to Paragraph 40, Defendants restate the answers contained hereinabove.

41. In answer to Paragraph 41, Defendants admit the allegations contained therein.

42. In answer to Paragraph 42, Defendants note that it contains a legal conclusion which requires no response.  To the extent Paragraph 42 contains factual allegations they are hereby denied.

43. In answer to Paragraph 43, Defendants note that it contains a legal conclusion which requires no response.  To the extent Paragraph 43 contains factual allegations they are hereby denied.

44. In answer to Paragraph 44, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

45. In answer to Paragraph 45, Defendants note that it contains a legal conclusion which requires no response.  To the extent it contains factual allegations they are hereby denied.

46. In answer to Paragraph 46, Defendants deny each and every allegation contained therein.

47. In answer to Paragraph 47, Defendants deny each and every allegation contained therein.

48. In answer to Paragraph 48, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

49. In answer to Paragraph 49, Defendants restate the answers contained hereinabove.

50. In answer to Paragraph 50, Defendants deny each and every allegation contained therein.

51. In answer to Paragraph 51, Defendants deny each and every allegation contained therein.

52. In answer to Paragraph 52, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

53. In answer to Paragraph 53, Defendants restate the answers contained hereinabove.

54. In answer to Paragraph 54, Defendants deny each and every allegation contained therein.

55. In answer to Paragraph 55, Defendants deny each and every allegation contained therein.

56. In answer to Paragraph 56, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

57. In answer to Paragraph 57, Defendants restate the answers contained hereinabove.

58. In answer to Paragraph 58, Defendants deny each and every allegation contained therein.

59. In answer to Paragraph 59, Defendants deny each and every allegation contained therein.

60. In answer to Paragraph 60, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

61. In answer to Paragraph 61, Defendants deny each and every allegation contained therein.

62. In answer to Paragraph 62, Defendants deny each and every allegation contained therein.

63. In answer to Paragraph 63, Defendants note that it contains a legal conclusion which requires no response.  To the extent it contains factual allegations they are hereby denied.

64. To the extent any allegations of the Defendants have not been specifically admitted or denied above, they are herein denied.

### Affirmative Defenses

1.  Plaintiffs fail to state a claim upon which relief may be granted.

2.  Plaintiffs' comparative fault is sufficient to bar or reduce their damages pursuant to Wyoming Statute § 1-1-109.

3.  Plaintiffs have failed to mitigate their damages, if any.

4.  Plaintiffs' damages, if any, were not caused by the negligence of Defendants, but were caused by other persons or entities over which Defendants have neither control nor right of control.

5.  The conduct of all actors must be compared in accordance with Wyoming Statute § 1-1-109.

6.  Plaintiffs failed to comply with the Wyoming Governmental Claims Act.

7.  Plaintiffs' damages, if any, are capped at $1,000,000 by Wyo. Stat. Ann. § 1-39-110(b).

8.  Defendants reserve the right to add additional affirmative defenses as they may become known.

9.  Plaintiffs' claimed damages result from superseding and intervening causes wholly unrelated to any alleged act, error or omission on the part of Defendants.

WHEREFORE Defendants Pray for Judgment in favor of Defendants and the Plaintiffs and that Plaintiffs take nothing by way of their Complaint.

DATED this 22nd day of November, 2013.

s/Timothy M. Stubson
Timothy M. Stubson, #6-3144
Curtis M. McNiven, #7-5051
152 N. Durbin, Suite 220
Casper, WY 82601
(307) 265-2279

Jeffery J. Oven, #6-3371
Christopher Voigt, #6-3313
Crowley Fleck, PLLP
P.O. Box 2529
Billings, Montana 59103-2529
Telephone: (406) 252-3441
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2013, a true and correct copy of the above and foregoing instrument was served upon the following via CM/ECF electronic transmission:

Jon M. Moyers
MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, MT 59101
(406) 655-4900
Attorneys for Plaintiffs

s/Timothy M. Stubson